IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE RODOLFO CENTENO, ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | 3:08-CV-1294-O | |
| ) | | |
| CITY OF DALLAS, ) | | |
| Respondent. ) | | |

FINDINGS OF THE COURT

After making an independent review of the pleadings, files and records in this case, and of the Findings and Recommendation of the United States Magistrate Judge (Doc. #9) and the petitioner's objections thereto (Docs. #10 & 11), the court finds and orders as follows:

Petitioner filed this action on a form designed for mandamus petitions filed with the Fifth Circuit Court of Appeals. He seeks reinstatement of his employment with the City of Dallas. As stated by the Magistrate Judge in his findings, petitioner litigated this issue in *Centeno v. City of Dallas*, No. 3-98-CV-1812-M, 2001 WL 169597 (N.D. Tex. Jan. 17, 2001), *rec. adopted*, 200l WL 276826 (N.D. Tex. Mar. 19, 2001) *appeal dism'd*, No. 0l-10513 (5th Cir. May 18, 2001) *cert. denied*, 540 U.S. 959 (2003). Construing petitioner's action as an employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and/or the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, the court is of the opinion that the Findings and Recommendation of the Magistrate Judge are correct and they are hereby adopted and incorporated by reference as the Findings of the Court in part. The court further finds as follows:

In his objections to the Findings and Recommendation of the Magistrate Judge, petitioner states that he "was trying in the U.S. District Court, to file a petition for a writ of mandamus, to the U.S. Fifth Circuit." The Mandamus Act vests the district court with original jurisdiction over "any action in the nature of mandamus to compel **an officer or employee of the United States or any agency thereof** to perform a duty owed to the plaintiff." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (emphasis added); 28 U.S.C. § 1361. Mandamus is an extraordinary form of relief which the court may grant only when the petitioner is able to establish that: 1) he is clearly entitled to the relief requested, 2) the respondent has a clear duty to act, and 3) no other adequate remedy is available. *Hebert v. Exxon Corp.*, 953 F.2d 936, 938-39 (5th Cir. 1992); *In re Sessions*, 672 F.2d 564, 566 (5th Cir. 1982). However, federal courts lack the general power to issue writs of mandamus to direct state officials or private individuals in the performance of their duties. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *United States v. Wesson*, 33 F.3d 788, 798 (7th Cir. 1994).

The respondent in the case at bar is the City of Dallas; not an officer or employee of the United States or any agency thereof. Therefore, it appears that the district court is without authority to issue a writ of mandamus. Even assuming *arguendo* that the City of Dallas falls within the parameters of the Mandamus Act, jurisdiction is conferred only when the respondent officer, employee, or agency owes a specific duty to the petitioner that is "clear, ministerial, and non-discretionary." *Kirkland Masonry, Inc. v. Comm'r of Internal Revenue*, 614 F.2d 532, 534 (5th Cir. 1980) (citations omitted). Petitioner has failed to set forth any facts, circumstances or arguments which could demonstrate that the City of Dallas owes him a specific duty that is clear,

ministerial, and non-discretionary. *See* Complaint; Petitioner's Answers to the Magistrate Judge's Questionnaire. Therefore, it is clear that petitioner cannot prevail in this action.

Because petitioner has indicated in his objections that he intended to seek relief from the Fifth Circuit Court of Appeals, this court will dismiss without prejudice to his right to seek such relief.

For the foregoing reasons, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

The clerk of court shall transmit a copy of this order to plaintiff.

SO ORDERED this 3rd day of September, 2008.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**